**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4031**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

TERRANCE JENKINS,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CR-02-518)

———————————

Submitted:  June 10, 2004          Decided:  June 17, 2004

———————————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

N. Elliott Barnwell, Charleston, South Carolina, for Appellant.  J.
Strom Thurmond, Jr., United States Attorney, Columbia, South
Carolina, Robert H. Bickerton, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terrance Jenkins pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base. The Government filed an information pursuant to 21 U.S.C. § 851 (2000), seeking enhanced penalties based on Jenkins' previous felony drug offense. Jenkins was sentenced to the mandatory minimum sentence of 240 months. See 28 U.S.C. § 841 (b)(1)(A)(2000 & Supp. 2003). On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal, but raising the following issues: (1) whether the district court erred in its denial of an evidentiary hearing on the issue of whether Jenkins provided substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (2002), and (2) whether the district court erred in denying Jenkins motion for a departure under USSG § 5K2.0 based on childhood abuse. Jenkins has filed a pro se informal brief raising three issues. For the reasons that follow, we affirm Jenkins' conviction and sentence.

The Government was not obligated under its plea agreement with Jenkins to move for a downward departure based on substantial assistance. United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). The district court found Jenkins breached the plea agreement when he was untruthful and failed to pass polygraph tests, and the Government did not refuse to make the motion for an

- 2 -

unconstitutional motive. <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). The district court did not err in its refusal to hold an evidentiary hearing to determine the extent of Jenkins' assistance to the Government.

Jenkins contends that the district court erred by denying his motion for downward departure under § 5K2.0. Because the district court recognized that it had the authority to depart downward from the sentencing guidelines but declined to do so, this Court may not review its decision any further. <u>See</u> <u>United States v. Shaw</u>, 313 F.3d 219, 222 (4th Cir. 2002).

Turning to the claims raised in Jenkins' pro se supplemental brief, we find the sentencing claims baseless. The sentence imposed was the statutory mandatory minimum. No enhancement for obstruction of justice was applied. In addition, the challenge to the district court's finding of drug quantity in light of the testimony offered at the sentencing hearing was not clearly erroneous. <u>See</u> <u>United States v. Sampson</u>, 140 F.3d 585, 591 (4th Cir. 1998).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel

believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED